# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 2518 | **DATE** | 11/21/2001 |
| **CASE TITLE** | First Health Group Corp. etc. Vs. United Payors etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We conclude that the costs should be paid. Accordingly, we overrule plaintiff's objections.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 21 2001 date docketed | |
| | Notified counsel by telephone. | | | 252 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 NOV 21 PM 2:06 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIRST HEALTH GROUP CORP., a Delaware )
corporation, formerly known as HEALTHCARE )
COMPARE CORP., d/b/a The First Health )
*AFFORDABLE* Medical Networks, )
)
      Plaintiff, )
)
vs. ) No. 96 C 2518
)
UNITED PAYORS & UNITED PROVIDERS, )
INC., a Delaware corporation, etc., et al., )
)
      Defendants. )

DOCKETED
NOV 2 1 2001

## MEMORANDUM OPINION AND ORDER

Defendant asks for costs. Plaintiff contends that defendant was not the prevailing party because it lost on its counterclaims and, besides, the bill of costs was filed far too late. Having been very much involved in the course of this litigation over the years, we have no hesitation in designating defendant as the prevailing party. The timeliness issue requires a little more attention.

We granted summary judgment to defendant on seven of eight claims in March and April 2000, and we dismissed defendant's counterclaims the following month. That left one claim outstanding, a trademark claim, but plaintiff's primary claims had been dismissed. That led to the parties seeking a way to arrive at a final judgment, permitting appeal of the earlier rulings against plaintiff. A contingent dismissal of the pending claim resulted in a final judgment being entered on September 26, 2000. When the Court of Appeals questioned the finality of the judgment, plaintiff, at oral argument on September 11, 2001, unconditionally dismissed the trademark claim, thus mooting the jurisdictional issue. Defendant submitted

its bill of costs on September 25, 2001. On October 26, 2001, the Court of Appeals affirmed this court. In doing so, it noted the earlier jurisdictional issue and expressly declined to decide whether or not the appeal would have been dismissed had plaintiff retained its right to reinstate the trademark claim.

Local Rule LR54.1 provides that a bill of costs should be filed within 30 days of the entry of judgment; that, if it is not, then costs other than those of the clerk shall be deemed waived; and that the court may extend the time for filing of the bill on a motion filed within the 30 days. Plaintiff contends that final judgment was entered almost exactly a year before the bill of costs was filed and that the bill is therefore untimely. Plaintiff does not contest the amount sought in the bill. Defendant, on the other hand, insists that there was no final judgment until September 11, 2001.

So who is right? The Court of Appeals does not say. And we think it would be presumptuous (and at best a guess) for this court to try to determine what the appellate court would have decided, if it had decided. We are left with the notion that costs are awarded as a matter of course to the prevailing party and that they would be the same whether awarded a year ago or now. The passage of time has not in any way prejudiced the plaintiff. Few cases go up on appeal, and there is an interest in closing out disputes that have gone to judgment. But here the matter did go up on appeal and it was not certain there was a final judgment until September 11, 2001. We conclude that the costs should be paid. Accordingly, we overrule plaintiff's objections.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 21, 2001.